AYOROA *v.* SUCESIÓN MÉNDEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 142.—Resuelto en diciembre 6, 1907.

APELACIÓN — EJECUCIÓN DE HIPOTECA — PROCEDIMIENTO SUMARIO — SENTENCIA DEFINITIVA.—Una resolución de la corte negándose á decretar la venta de los bienes en pública subasta, en un procedimiento sumarísimo, por no haberse hecho el requerimiento al deudor en forma legal, no es una sentencia definitiva, ni tiene tampoco el carácter de orden especial, á los efectos de estimar que es una resolución apelable.

ID.—ORDEN ESPECIAL.—A los efectos del número 3 del artículo 295 del Código de Enjuiciamiento Civil, se entiende por *providencia especial* aquella que lesiona un derecho sobre una cuestión no discutida en el pleito, ó que provee en contra de lo resuelto por la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Vázquez.*

Abogado del apelado: *Sr. Méndez Vaz.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

El presente es un procedimiento ejecutivo sumario seguido en la Corte de Distrito del Distrito Judicial de Aguadilla por los hermanos Don Alfredo y Doña Milagros Ayoroa, como herederos de Don Ramón Martínez Vélez, contra los herederos de Don Ricardo y Don Juan Ramón Méndez Martínez, en cobro de un crédito hipotecario por valor de 5,000 pesos mejicanos, equivalentes á 2,850 dollars con sus intereses al tipo convenido de 9 por ciento anual y las costas, con arreglo á la escritura

pública otorgada por el Don Ricardo Méndez Martínez en favor del Don Ramón Martínez Vélez, ante el notario de dicha Villa, Don Juan Arroyo y Budía, en 30 de abril de 1885.

Presentado el escrito inicial del procedimiento con copia de la citada escritura y demás documentos que exige el artículo 169 del Reglamento de la Ley Hipotecaria, y denegado por el juez de la corte el requerimiento de pago solicitado por los ejecutantes, por considerar dicho juez que el escrito presentado no reunía las formas requeridas por la ley y el Reglamento hipotecario, y ampliada, con este motivo, por los ejecutantes la documentación presentada, con una liquidación del crédito con las reducciones correspondientes, en razón de los canjes que ha sufrido la moneda en esta Isla desde la fecha de la escritura hasta la presentación de la demanda, con expresión de la cantidad que por capital é intereses debidos, era responsable, respectivamente, cada una de las sucesiones demandadas, y otra certificación del registrador, de aparecer inscritos los bienes hipotecados en favor del deudor Don Ricardo Méndez Martínez y de los herederos del Don Juan Ramón, de los mismos apellidos, como condueños por una participación indivisa que le había sido adjudicada al difunto Don Juan Ramón, por valor de 3,500 pesos mejicanos, equivalentes á 2,100 dollars, en el valor de los bienes hipotecados, ascendentes á la suma de 8,500 pesos mejicanos, como uno de los acreedores de la testamentaría del difunto Don Ricardo Méndez Martínez, anterior dueño que fué de dichos bienes, dictó entonces la corte, con fecha 28 de enero del año en curso, la siguiente resolución, que en su parte dispositiva dice así:

"Que se requiera á la Sucesión de Don Juan Ramón Méndez Martínez, en la persona de Juan C. Benítez, como lo solicitan los demandantes, y á la sucesión de Don Ricardo Méndez Martínez, compuesta de las personas que se expresan en la demanda también, para que en el término de 30 días hábiles, paguen á Alfredo y Milagros Ayoroa, cualquiera de las sucesiones ejecutadas, la cantidad que se expresa en la liquidación y cuya responsabilidad se consigna en la misma, apercibidas éstas del apremio y subasta de los bienes hipotecados:

se ordena, además, que los demandantes presenten copias en secretaría, de la demanda y documentos, para hacer entrega en el momento del requerimiento á cada una de las partes. Se decreta, por último, que se expida orden al marshal para el cumplimiento de la presente, entregando dichas copias al deudor y terceros poseedores.''

Librado el mandamiento por el secretario de la corte, con inserción íntegra de la anterior providencia, y especificación detallada de la suma, para cuyo pago debía ser requerida cada una de las sucesiones demandadas, respectivamente, según la liquidación presentada por los ejecutantes, se procedió por el marshal auxiliar de la Corte de Distrito de Aguadilla á practicar el requerimiento de pago dispuesto en las personas de Don Antonio del Toro y Don Casildo Iriate, que encontraron al frente de los bienes hipotecados, en el concepto de arrendatarios de los mismos, por no haber hallado á los deudores para requerirlos personalmente; pero requiriéndolos, no por la cantidad de que debía responder cada una de las sucesiones demandadas, respectivamente, como debía verificarse el requerimiento, según lo ordenado por la corte, sino por la cantidad total á que ascendían las responsabilidades de ambas sucesiones, lo que implicaba una verdadera transgresión de lo ordenado por la corte en su resolución de 28 de enero, por cuyo motivo, habiendo pedido después la representación de los ejecutantes que se sacaran á pública subasta los bienes hipotecados, por haber transcurrido los 30 días que se concedieran para el pago á los demandados, sin haberlo verificado, lo denegó la corte, por los fundamentos que expresa la siguiente providencia:

''No habiéndose hecho el requerimiento en forma legal, se ordena por la corte no haber lugar á lo que se pretende en la solicitud de los hermanos Ayoroa. Aguadilla, abril 22 de 1907.—Firmado:—Arturo Aponte.—Juez de la Corte de Distrito.''

Contra esta providencia interpuso apelación la representación de los ejecutantes, y elevadas á esta superioridad las transcripciones del récord; personados los apelantes y la

Sucesión de Don Juan Ramón Méndez Martínez, una de las sucesiones demandadas, por conducto de sus abogados defensores, y presentados los respectivos alegatos, se señaló día para la vista, en cuyo acto pidió el abogado de los apelantes se declarara previamente que la Sucesión de Don Juan Ramón Méndez Martínez no debía ser oída en la apelación por no ser parte en el estado en que se encontraba el procedimiento y á cuya solicitud resolvió esta corte, con audiencia de la otra parte que se opuso á ella, se oyera á ambas partes, sin perjuicio de resolver después sobre la cuestión previa lo que se estimara procedente.

Empero, antes de entrar á discutir esta cuestión, se ocurre otra que se hace necesario resolverla previamente, porque afecta á la jurisdicción de esta corte para conocer de la apelación y que consiste en determinar si la providencia de 22 de abril, por la que se denegó la subasta de los bienes hipotecados por no haberse practicado en forma legal el requerimiento de pago á los deudores, era ó nó apelable.

Entrando en esta materia, tenemos que, según el artículo 176 del Reglamento de la Ley Hipotecaria contra las providencias judiciales dictadas en estos procedimientos sumarios, podía interponer el ejecutante los recursos ordinarios de la Ley de Enjuiciamiento Civil, cuando no se dispusiera otra cosa en la misma sección del Reglamento; pero como en la sección que trata de estos procedimientos sumarios, no se resuelve nada sobre el particular, y como por otra parte, la antigua Ley de Enjuiciamiento Civil ha sido derogada y reemplazada por el nuevo Código de Enjuiciamiento Civil, parece evidente entonces que es á las prescripciones de la nueva ley procesal en materia civil, á las que debemos recurrir para resolver si la providencia de 22 de abril, que denegó la subasta de los bienes hipotecados por los motivos que en ella se expresan, es ó nó apelable.

Ahora bien; el artículo 295 del nuevo Código de Enjuiciamiento Civil, es el que determina las sentencias y demás resoluciones judiciales que son suceptibles del recurso de apela-

ción, y como entre ellas no encontramos comprendido, ni siquiera por razón de analogía, la providencia que nos ocupa, hemos de convenir precisamente en que ésta no es una resolución apelable.

En efecto; por la providencia de 22 de abril, lo que se declara es que no estando practicado legalmente el requerimiento de pago, no há lugar á disponer la venta en pública subasta de los bienes hipotecados; y esto ni es una sentencia definitiva, porque no pone término al juicio ó procedimiento sumario que se viene sustanciando, ni es una providencia especial dictada después de una sentencia definitiva, que es otra de las resoluciones apelables comprendidas en el párrafo 3º. del mismo artículo 295 del Código de Enjuiciamiento Civil, porque, aún cuando se sostuviera que la decisión ó resolución de la corte de 28 de enero por la que se ordenó requerir de pago á los deudores, tuviera el carácter de una sentencia definitiva en el procedimiento sumario que nos ocupa, siempre resultaría que la resolución de 22 de abril siguiente, no es de las providencias especiales dictadas después de una sentencia definitiva, á que se refiere el artículo 295 de la nueva ley procesal en su párrafo 3º., porque como lo tiene ya declarado esta Corte Suprema, en su resolución de 30 de octubre de 1905, recaída en el caso de *Avalo Sánchez* v. *Sucesión Díaz,* para eso se necesita que por la providencia especial se lesione un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, y esto no tiene lugar en el presente caso, puesto que por la providencia de que se trata no se lesiona ningún derecho no discutido ni resuelto por la sentencia, ni se provee en contra de lo determinado por éste en ningún sentido; sino, antes al contrario, lo que se declara, es, que el requerimiento de pago no está hecho en forma legal, y que por ese defecto no há lugar á la subasta de los bienes hipotecados, lo que lejos de contravenir á lo mandado por la providencia de 28 de enero, lo ratifica y confirma una vez más al denegar la celebración de la subasta, por no haberse practicado el requerimiento de pago

en la forma dispuesta por la referida providencia que tenía el carácter de firme, ó sea, requiriendo á cada una de las sucesiones demandadas, para al pago de la suma de que eran respectivamente responsables, según lo consignado en la liquidación presentada por los ejecutantes, y nó en la forma arbitraria en que lo ha verificado el marshal auxiliar de la Corte de Distrito de Aguadilla.

·Pero hay ·más. Aún ·suponiéndose que hubieran de aplicarse en el presente caso los recursos ordinarios de la antigua Ley de Enjuiciamiento Civil contra las resoluciones judiciales, á que se refieren los artículos 375 y siguientes hasta el 381 inclusive de la citada ley, tampoco sería apelable la providencia de que se trata, pues si bien, con arreglo al artículo 379 de la misma ley, las providencias de la naturaleza de la que nos ocupa, eran apelables, para esto era indispensable pedir antes al mismo juez que la hubiere dictado, la reposición ó revocación de la misma, y sólo en el caso de que esta revocación fuera denegada, podía apelarse para ante el superior inmediato;. lo que no ha tenido lugar en el caso presente, pues la apelación ha sido establecida inmediatamente, sin agotar antes el recurso de reposición que requería la expresada ley procesal.

De manera, que ni por la antigua ni por la moderna ley de Enjuiciamiento Civil, la providencia ó resolución que nos ·ocupa era apelable; y por consiguiente, sin entrar en otro género de consideraciones, que holgarían completamente después de lo que dejamos manifestado, entiende esta Corte Suprema que carece de jurisdicción para conocer de la apelación establecida por los hermanos Alfredo y Milagros Ayoroa, y que, en su consecuencia, debe desestimarse el recurso, con las costas del mismo á cargo de los apelantes.    *Desestimado.*

Jueces concurrentes: Sres. Hernández y Figueras.

Los Jueces Asociados Sres. MacLeary y Wolf expresaron estar conformes con la sentencia, pero no con todos los fundamentos de la opinión.