García, Demandante y Apelado, *v.* The Humacao Fruit Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre cobro de dinero.

[1] No. 1198.—Resuelto en noviembre 30, 1915.

Apelaciones contra Sentencias de las Cortes Municipales — Resolución Declarando sin Lugar una Moción para que se Deje sin Efecto una Orden de Ejecución y Venta en Pública Subasta—Sentencia Final.—La resolución dictada por una corte municipal declarando sin lugar una moción para que se deje sin efecto una orden de ejecución y venta en pública subasta es apelable para ante la corte de distrito respectiva por ser una sentencia final claramente comprendida dentro de la letra y espíritu de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908.

Apelación—Interpretación Liberal—Estatutos Reparadores.—Los estatutos que autorizan y regulan el derecho de apelación son reconocidos como reparadores por su naturaleza y deben ser interpretados liberalmente.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Juan B. Huyke.*
Abogado del apelado: *Sr. Manuel Tous Soto.*

El Juez Asociado Sr. Hutchison emitió la opinión del tribunal.

La demandada y apelante presentó una moción en la Corte Municipal de Humacao con el fin de que se anulara y dejara sin efecto cierta orden de ejecución y venta hecha en pública subasta. El demandante-apelado compareció formulando su contestación, se celebró la vista en la que se presentó prueba tanto en cuanto a los hechos alegados en la moción como en

---

(1) En 24 de diciembre 1915, denegada la reconsideración.

apoyo de la oposición que a la misma se hizo, y discutida la cuestión quedó sometida a la consideración de la corte. Y la corte, después de haber considerado la cuestión por algún tiempo, emitió una opinión de cuatro páginas en la que constan sus conclusiones de hecho y de derecho y dictó una orden declarando que la ley y los hechos están en favor del demandante y en contra de la demandada y declaró sin lugar la moción.

La Corte de Distrito de Humacao por virtud de la apelación interpuesta contra esa orden después de celebrar un juicio *de novo* sobre las cuestiones así debatidas y de oir los informes de una y otra parte, se reservó asimismo la resolución del caso y finalmente en otra opinión de cuatro páginas llegó a la conclusión de que la orden no era apelable, y sin considerar los méritos de las cuestiones envueltas desestimó la apelación, alegando no tener jurisdicción para conocer de dicha apelación.

Con anterioridad al año 1908, los particulares del procedimiento observado en apelaciones de las cortes municipales a las de distrito se regían por la práctica y reglas de las cortes basadas en el sentido común y en principios análogos más bien que en ningún precepto terminante de la ley. La Orden General No. 118 de agosto 16, 1899, disponía simplemente que ''contra los fallos de los jueces municipales y sus asociados, así en lo civil como en lo criminal, procederá el recurso de apelación en ambos efectos para ante la corte de distrito respectiva.'' Tanto en el Código de Enjuiciamiento Civil como en las leyes reorganizando el sistema judicial parece haberse hecho caso omiso enteramente de la cuestión. Las reglas adoptadas en el año 1904 por cada una de las cortes de distrito nuevamente constituídas disponían, sin embargo, que ''cualquier persona puede apelar a esta corte de distrito de cualquier sentencia final dictada en caso civil por una corte inferior dentro de este distrito judicial, y el caso así apelado será juzgado *de novo* en esta corte.'' El Código de Enjuiciamiento Civil define como sentencia ''la

decisión definitiva sobre los derechos de las partes en un pleito o *procedimiento.*"    La parte pertinente de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908, es como sigue: "Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente a favor del demandante o del demandado, cualquiera de las partes que se creyera perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal."    En la versión castellana se emplea la palabra "asunto" (*matter*) mientras que en el texto inglés se usa la palabra *"case"* (caso).

La resolución final de la corte municipal parece estar claramente comprendida tanto en la letra como en el espíritu del precepto que acaba de citarse, interpretado en relación con la definición contenida en el Código de Enjuiciamiento Civil, y en completa armonía por analogía, con el precepto específico del estatuto que regula las apelaciones contra las órdenes especiales después de dictada la sentencia en las cortes de distrito, y con la bien reconocida tendencia del procedimiento moderno de substituir el juicio mediante moción por la antigua *audita querela,* que prácticamente está ahora en desuso, dicha orden puede ser razonable y justamente considerada como una sentencia final.    Cualquiera que sea la práctica en otras jurisdicciones, no puede llegarse a otra conclusión lógica o satisfactoria de acuerdo con nuestra ley local de procedimiento.    "Los estatutos que autorizan y regulan el derecho de apelación son reconocidos como reparadores por su naturaleza y deben ser interpretados liberalmente en beneficio del derecho de apelación."    2 R. C. L. Apelación y Error, párrafo 6, página 29.

Una apelación semejante a ésta fué considerada por este tribunal en el caso de *Millín* v. *Aldrey, Juez de Distrito,* 16 D. P. R. 393, si bien la cuestión envuelta en este caso no fué promovida ni considerada por la corte.    El caso de *Hernández* v. *Tornabells & Co.,* 17 D. P. R. 637, citado por el apelado,

no es pertinente a este caso. Esa fué una apelación contra una orden dejando sin efecto una sentencia en rebeldía y un "embargo hecho para su ejecución," contra una segunda orden denegando la reconsideración de la orden anterior y contra una tercera orden declarando nula la adjudicación de la finca subastada. Estas órdenes disponiendo la apertura del caso para continuar los procedimientos desde luego que podían ser revisadas por la corte de distrito por virtud de apelación interpuesta contra la resolución final dictada en dichos nuevos procedimientos y fué en realidad contra la sentencia definitiva de la corte de distrito, después de celebrar *de novo* toda la controversia, que se interpuso apelación en el caso de referencia para ante este tribunal. La diferencia tan grande que existe entre ese caso y el presente aparece claramente explicada en los casos de *Tuffree* v. *Stearns Ranchos Company*, 54 Pac. 826, y *De la Montanya* v. *De la Montanya*, que en el mismo se citan con aprobación.

Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la resolución apelada y devuelto el caso para ulteriores procedimientos no incompatibles con la opinión.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Presidente Sr. Hernández y Asociado Sr. Aldrey disintieron.

OPINIÓN DISIDENTE DE LOS JUECES SRES. PRESIDENTE HERNÁNDEZ Y ASOCIADO ALDREY.

Seguido juicio en la Corte Municipal de Humacao por Florencio García Lebrón contra "The Humacao Fruit Company," en cobro de dinero, se dictó sentencia en rebeldía de la demandada condenando a ésta al pago de la suma de $86.63 que se le reclamaba, con intereses legales y costas.

Para la ejecución de dicha sentencia se libró orden al márshal, quien embargó y subastó como de la propiedad de la demandada cierta finca rústica que fué adjudicada a Juan Ortiz Díaz por la suma de ciento treinta dólares.

En ese estado las cosas The Humacao Fruit Company presentó moción a la expresada corte municipal para que se anularan y dejaran sin efecto la subasta y venta de la finca rematada. Discutida esa moción fué declarada sin lugar por orden de 6 de marzo de 1914. Contra esa orden interpuso la parte demandada recurso de apelación para ante la Corte de Distrito de Humacao, la cual, por resolución de 28 de mayo de 1914, entendió que carecía de jurisdicción para conocer del recurso por no ser apelable la orden recurrida.

Opinamos que esa resolución, sometida a la consideración de esta Corte Suprema en virtud de recurso de apelación contra ella interpuesto, se ajusta a derecho, y para sostener esa opinión nos basta examinar los preceptos legales aplicables al caso.

La ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles dice en su sección 1ª.:

"Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente a favor del demandante o del demandado, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal * * *."

La sentencia a que se refiere dicha sección primera no es otra que la decisión definitiva sobre los derechos de las partes discutidos en el juicio celebrado ante la corte municipal (Art. 188 del Código de Enjuiciamiento Civil). Y tan es así, que la sección 2ª. de la ley de 11 de marzo de 1908 previene que la presentación del escrito de apelación tendrá el efecto de suspender la ejecución de la sentencia. Pero si alguna duda hubiere aún de ello, queda completamente

desvanecida por los preceptos de la sección 3ª. que, en la parte
atinente a la cuestión que se debate, dice así:

"" *   *   * Al anunciarse la vista de la apelación el tribunal, a
instancia del apelante, revisará y tomará en consideración cuales-
quiera providencia, resoluciones o autos por los cuales se creyere
aquél perjudicado.   Resueltas que fueren estas cuestiones se pro-
cederá a la vista de la causa, a menos que la corte estimare que la
demanda o contestación está sujeta a excepción previa, y en tal caso,
la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda
o contestación.   Una vez dispuesto el pleito para la vista, se trami-
tará como nuevo juicio, rigiendo para el mismo todas las disposi-
ciones y reglamentos judiciales que afecten a la vista de pleitos ori-
ginalmente entablados ante las cortes de distrito."

Esos preceptos muestran claramente que la tramitación
por ellos establecida se refiere sólo a apelaciones contra sen-
tencias dictadas por las cortes municipales en los juicios ante
ellas seguidos y no a resoluciones o más bien órdenes resol-
viendo mociones sobre nulidad de los procedimientos segui-
dos para la ejecución de la sentencia.

La resolución de la Corte Municipal de Humacao de 6
de marzo de 1914 que motivó el recurso de apelación para
ante la corte de aquel distrito no constituye una sentencia
sino una orden, con arreglo al artículo 315 del Código de
Enjuiciamiento Civil, que dice así:

"Toda disposición de una corte o juez dada por escrito o anotada
en el récord y no incluída en una sentencia se denomina una orden.
La solicitud pidiendo que se expida una orden, constituye una mo-
ción."

En el presente caso no fué resuelta propiamente una ac-
ción o demanda sobre nulidad sino una moción sobre nuli-
dad en juicio ya decidido por sentencia y no es posible lla-
mar sentencia lo que sólo es una orden.   No ha habido un
nuevo pleito sobre nulidad sino un incidente surgido entre
las mismas partes del juicio con motivo de la ejecución de
la sentencia, y no tenemos inconveniente en admitir que esa
resolución puede calificarse de providencia especial dictada

después de una sentencia definitiva. Empero, aunque así sea, esa providencia especial, dictada por un juez municipal, no es apelable para ante la corte de distrito como indudablemente lo sería para ante la Corte Suprema, con arreglo al número 3 del artículo 295 del Código de Enjuiciamiento Civil, si se hubiera dictado por una corte de distrito en caso de su exclusiva jurisdicción.

Y no puede sostenerse que tratándose de una providencia especial cabe contra ella el recurso de apelación para ante la corte de distrito por otorgarse ese recurso contra sentencias definitivas dictadas por las cortes municipales, pues la sección 1ª. del artículo 295 del Código de Enjuiciamiento Civil otorga igual derecho contra sentencias definitivas dictadas por las cortes de distrito, y, sin embargo, la Legislatura estimó necesario conceder expresamente igual recurso contra las providencias especiales dictadas después de una sentencia definitiva, lo cual demuestra que entre las sentencias definitivas no están comprendidas las providencias especiales dictadas después de aquéllas.

No es posible dar interpretación extensiva a las leyes cuando éstas son claras y libres de toda ambigüedad.

Por las razones expuestas, disintiendo de la opinión de la mayoría de los jueces de esta corte, entendemos que el juez de la Corte de Distrito de Humacao carecía de jurisdicción para conocer del recurso sometido a su consideración y que su resolución de 28 de mayo de 1914 se ajusta a derecho.