CARRERO, DEMANDANTE Y APELADO, *v.* DIEZ & PÉREZ, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez. MOCIÓN del demandante y apelado para que se desestime la apelación.

No. 1953.—Resuelto en febrero 18, 1919.

DESESTIMACIÓN DE APELACIÓN—COMISIÓN DE INDEMNIZACIONES A OBREROS—TÉRMINO PARA ESTABLECER RECURSOS DE APELACIÓN.—El término para apelar ante el Tribunal Supremo· de sentencias dictadas por las cortes de distrito en grado de apelación contra las decisiones de la Comisión de Indemnizaciones a Obreros es de un mes, pues debe regularse por los preceptos del No. 1 del artículo 295 del Código· de Enjuiciamiento Civil, tal como fué enmendado por la ley de 11 de marzo de 1908, en relación con la Ley No. 70 de 9 de marzo de 1911.

Los hechos están expresados en la opinión.
Abogados del apelado: *Sres. Feliú & Alemañy.*
Abogados de los apelantes: *Sres. Francis & de Jesús.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La parte demandante-apelada ha presentado moción a esta corte para que se· desestime la apelación interpuesta por la demandada contra resolución de la Corte de Distrito de Mayagüez de 30 de octubre de 1918 desestimando la apelación interpuesta por la demandada del acuerdo de la Comisión de Indemnizaciones a Obreros en sesión de 18 de febrero de 1918, por el que dicha Comisión cargó a la demandada la suma. de

$2,202 como indemnización por la muerte del obrero Félix Rivera.

Funda la apelada su moción en que habiéndose notificado a la apelante en 4 de noviembre de 1918 la resolución de la corte de Mayagüez de 30 de octubre anterior e interpuéstose el recurso de apelación en 4 de diciembre de 1918, dicho recurso fué interpuesto fuera del término de 15 días que señala el párrafo segundo del artículo 295 del Código de Enjuiciamiento Civil, adicionado por ley de 9 de marzo de 1905, aplicable al caso por la Ley No. 19 sobre indemnización a obreros de 13 de abril de 1916, artículo 12, párrafo 10.

El artículo que acabamos de citar concede apelación de la decisión de la Comisión de Indemnizaciones a Obreros a cualquier patrono, en los casos que determina, para ante la corte de distrito del distrito en donde ocurrió el accidente al reclamante, y después de fijar el modo de formalizarse la apelación, estatuye que "después de la formalización de la apelación, la corte de distrito procederá en el caso en la misma forma que se dispone por ley para una apelación de una sentencia de una corte municipal en causas civiles."

La sección tercera de la ley de marzo 11, 1908, para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, prescribe que "una vez dispuesto el pleito para la vista se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito." Nada dispone esa ley sobre el recurso de apelación que pueda entablarse contra la sentencia que en grado de apelación dicte la corte de distrito, y sobre el particular ha quedado vigente el artículo 295 del Código de Enjuiciamiento Civil, enmendado, que en su apartado segundo ordena que podrá establecerse apelación para ante el Tribunal Supremo de una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior dentro de los 15 días después de registrada la sen-

tencia, si el valor de la cosa reclamada o cuantía de la sentencia, sin comprender frutos o intereses, excediera de $300.

Ese precepto no es aplicable al presente caso, pues no se trata de una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, sino de una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de la Comisión de indemnizaciones a obreros. Debe aplicarse a falta de precepto específico de la ley sobre indemnizaciones a obreros el artículo 295 del Código de Enjuiciamiento Civil, enmendado en su número 1°. por la ley de 11 de marzo de 1908, el cual estatuye que podrá establecerse apelación para ante el Tribunal Supremo de una sentencia definitiva pronunciada en un pleito o procedimiento especial comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia, y hoy después de haberse notificado, la sentencia a la parte perjudicada, según la Ley No. 70 de 9 de marzo de 1911.

Ciertamente que, en el presente caso el procedimiento especial establecido por la ley sobre indemnización a obreros no ha comenzado en la corte de distrito de Mayagüez, sino ante la Comisión de Indemnizaciones a Obreros, y por tanto puede argüirse que el caso no es de los comprendidos en el número 1°. del artículo 295 del Código de Enjuiciamiento Civil, tal como actualmente rige; pero aunque así sea, como tampoco está comprendido según hemos manifestado, en el párrafo 2°. del mismo artículo, y ha sido voluntad expresa del legislador conceder recurso de apelación en los casos que proceda contra las resoluciones de la Comisión de Indemnizaciones a Obreros, opinamos que el término para la interposición del recurso contra la resolución de la corte de distrito debe regularse por el número 1°. del artículo 295, por estar más en armonía con la naturaleza del caso, que propiamente comenzó a ser contencioso en la corte de distrito y no en la Comisión de Indemnizaciones a Obreros, siendo además su

cuantía $2,202, muy superior a la marcada por la ley para fijar la jurisdicción de las cortes municipales.

Procede denegar la moción sobre desestimación del recurso.

> *Denegada la moción sobre desestimación de la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.