GANDÍA, DEMANDANTE Y APELANTE, *v.* TRÍAS ET AL., DEMANDADOS Y APELADOS.

No. 3082.—*Visto:* Diciembre 14, 1923. *Resuelto:* Abril 30, 1924.

SENTENCIA—ASEGURAMIENTO DE SENTENCIA FIRME.—No obstante ser firme una sentencia, la parte victoriosa puede obtener en casos propios el aseguramiento

de la efectividad de la misma, como sucede aquí en que antes de ejecutar la sentencia era necesario practicar ciertas operaciones que podían dilatar el cumplimiento de la misma.

RESOLUCIÓN de *Charles E. Foote*, J. (Primer Distrito, San Juan), anulando un embargo. *Revocada.*

*José Guzmán Benítez* y *J. B. Soto*, abogados del apelante; *C. Coll Cuchí* y *G. Cruzado Silva*, abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia por esta Corte Suprema resolviendo los recursos números 2118 y 2187, establecidos en el pleito seguido por Pedro Gandía contra Arturo Trías y Johann D. Stubbe, sobre liquidación de sociedad mercantil, destitución de liquidador e indemnización, y recibido el mandato en la corte inferior, Pedro Gandía, el demandante, solicitó que se asegurara la efectividad de la sentencia embargando bienes de los demandados por valor de cuarenta mil novecientos cincuenta y cuatro dólares, cuarenta y siete centavos. Así lo decretó la corte y el embargo consiguiente fué trabado.

Acto seguido los demandados solicitaron la nulidad de dicho embargo porque la corte carecía de jurisdicción; porque aunque la corte tuviera jurisdicción, no era el aseguramiento sino la ejecución de la sentencia lo que procedía por tratarse de una sentencia firme, y porque se había solicitado el aseguramiento basándose en un pronunciamiento que no existía en la sentencia.

El juez de distrito decidió el caso decretando la nulidad solicitada y razonó su decisión así:

"La cuestión sobre la jurisdicción de esta corte que se levanta en los fundamentos primero y segundo, ha sido resuelta por nuestro Tribunal Supremo en este mismo caso, y en sentencia de mayo 12 de 1923. Pero la corte cree que los demandados tienen razón en cuanto al tercer fundamento.

"Los aseguramientos de sentencias han de decretarse de acuerdo con la ley mencionada, solamente en aquellos casos en que sea esto necesario para asegurar la efectividad de las mismas antes de dic-

tarse sentencia en el caso, pero nunca después que una sentencia ha sido dictada y ella es firme, como en el presente caso en que la sentencia de la corte inferior fue confirmada por la Corte Suprema.

"La enmienda a que se refiere el demandante en su alegato a la sección 3 de la mencionada ley para asegurar la efectividad de la sentencia (Ley No. 27 de 1916) no autoriza a decretar embargos después de una sentencia firme. El propósito de dicha ley, en cuanto a este punto se refiere haciendo una interpretación razonable de la misma, es la de eximir a la parte de la prestación de la fianza en el caso en que el aseguramiento fuese solicitado después de obtenida sentencia a su favor, y para asegurarle la efectividad de la misma, pero siempre antes de que dicha sentencia pueda ser firme, porque una vez firme la sentencia lo que procede es la ejecución de la misma, y no el aseguramiento de su efectividad. Véase 4 Cyc. 540:

" 'En caso de un embargo preventivo la existencia de una acción es un requisito esencial sin el cual no puede dictarse la orden, y una orden dictada antes de comenzarse la acción es nula e ineficaz; pero la orden puede ser dictada al mismo tiempo en que se comienza una acción *o en cualquier tiempo después antes de una sentencia final.*' "

No conforme Gandía interpuso el presente recurso de apelación. Sus argumentos en contra del criterio sustentado por la Corte de Distrito, se condensan en el siguiente párrafo de su alegato:

"Siendo la intención del legislador facilitar al demandante que ha obtenido una sentencia a su favor, mantener el *status quo* hasta que la ejecute el medio de lograrlo es obtener la efectividad de dicha sentencia mientras pueda ser ejecutada; y es lógico que la ley número 27 de 13 de abril de 1916 debe interpretarse en el sentido justo y razonable de que aún cuando dicha sentencia sea firme porque contra ella no se haya establecido recurso alguno, puede obtenerse el aseguramiento de la misma mientras ella llega a convertirse en sentencia ejecutoria y pueda expedirse la orden de su ejecución de acuerdo con la ley."

Como regla general tal vez la interpretación dada por la Corte de Distrito sea la justa y procedente, esto es, que tratándose de sentencias firmes lo que procede es su ejecu-

ción y no su aseguramiento, pero es necesario reconocer que existen casos en que no obstante ser firme una sentencia sus pronunciamientos sean de tal naturaleza que no puedan ejecutarse inmediatamente requiriendo ciertas operaciones previas que exigen tiempo para practicarse, como sucede en el presente caso.

La sentencia que sirvió de base a la orden de aseguramiento es como sigue:

"Celebradas las vistas en estos dos recursos,—el interpuesto por el demandado Stubbe y el establecido por el demandante Gandía—, y estudiados los alegatos y los autos, la corte resuelve, decidiendo por esta sola sentencia ambos recursos, que debe revocar como revoca la sentencia apelada que dictó la Corte de Distrito de San Juan, Sección Segunda, el 16 de julio de 1919, y examinadas las alegaciones y las pruebas la corte decide el pleito así: 1, no ha lugar a decretar la destitución del que fue liquidador de Gandía & Stubbe, el demandado Arturo Trías; 2, no ha lugar a condenar a los demandados a pagar al demandante la suma de $3,342.60 en concepto de efectivo depositado en los bancos pertenecientes al demandante en el momento de la disolución de Gandía & Stubbe, pero el demandado Trías vendrá obligado a rendir cuenta detallada y justificada dentro de quince días del empleo dado a dicha suma en la liquidación mientras fue liquidador, con las responsabilidades consiguientes; 3, no ha lugar a condenar a los demandados a pagar al demandante la suma de $11,308.00 por el concepto de acreencias falsas que se reclaman en la demanda, pero el asiento de 11 de agosto de 1916 en los libros de Gandía & Stubbe por virtud del cual el demadado Trías actuando como liquidador encomendó al demandado Stubbe el pago de dichas acreencias dándole por ello el correspondiente crédito, y todos los actos que haya podido ejecutar el demandado Stubbe basándose en dicho asiento, quedan anulados; 4, no ha lugar a condenar a los demandados a pagar al demandante la suma de $5,052.20 por concepto de dividendos de 1915 de la Porto Rico Fertilizer Co., pero el asiento de 31 de julio de 1916 en los libros de Gandía & Stubbe anulando el cargo hecho a la cuenta 2da. en julio 31, 1915, en los dichos libros, queda anulado; 5, se condena a los demandados Stubbe y Trías, solidaria y mancomunadamente, a pagar al demandante Gandía la suma $8,234.06 por los dividendos que le fueron adjudicados en la

escritura de disolución de Gandía & Stubbe, y 6, los demandados pagarán las costas.

"Una vez que esta sentencia sea debidamente recibida en la Corte de Distrito de San Juan, Sección Segunda, líbrese ejecución de acuerdo con la ley para cumplirla. Comuníquese en la forma y a los fines procedentes."

La sentencia, como se consigna al final de la opinión que le sirvió de fundamento, si bien resuelve definitivamente el pleito, "deja aún pendientes de aclarar y fijar en la práctica varias cuestiones."

Estamos conformes con los apelados en que esa sentencia sólo ordena el pago de $8,234.06 y el de las costas, pero es necesario reconocer que contiene otros pronunciamientos que requieren la liquidación de la sociedad bajo bases distintas, liquidación que puede dar por resultado que en realidad de verdad el demandante perciba la suma que él indica, o parte de la misma. Quizá no sea así, pero de todos modos existe algo por fijar que no puede establecerse en el acto pero sí asegurarse para el caso de que se convierta en realidad. La ley no distingue. Dice: "Si el aseguramiento se solicitare después de pronunciada sentencia. . . ." No habla de sentencia firme. Véase Gandía v. *Porto Rico Fertilizer Co.*, 30 D.P.R. 262.

Ahora bien, como dado el tiempo transcurrido quizá haya podido variar la situación legal de este asunto, creemos que lo más acertado para esta corte es limitarse *a revocar la orden apelada* dejando el caso abierto para que la corte de distrito lo considere de nuevo oyendo a las partes y adoptando la resolución que los hechos demanden de acuerdo con los principios establecidos en esta opinión.

*Revocada la orden apelada.*

El Juez Asociado Señor Wolf firmó: "Conforme con la sentencia por entender que el embargo después de sentencia firme puede decretarse en los mismos casos que antes de dictada."

El Juez Asociado Señor Aldrey disintió.

El Juez Asociado Señor Franco Soto no intervino en la resolución de este caso.