LEOPOLDO VENEGAS, ALCALDE DE COAMO, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada. IN RE, GUILLERMO ORTIZ GUZMÁN, querellado y apelado *v.* LEOPOLDO VENEGAS, opositor y apelante█

Nos. 697 y 5234.—*Sometidos:* Julio 7, 1930. *Resueltos:* Julio 30, 1930.

*Guerra Mondragón & Soldevila,* abogados del peticionario; *Leopoldo Tormes* y *Manuel A. Rivera,* abogados del funcionario destituído, interventor.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

██ La sección 29 de la Ley Municipal, según fué enmendada en 1928, leyes de ese año, página 357, provee:

"Los funcionarios administrativos sólo podrán ser removidos de

sus puestos por el Alcalde, y de esta decisión podrá apelar en un solo efecto, el funcionario perjudicado para ante la Corte de Distrito correspondiente, la cual deberá considerar y resolver las cuestiones de hecho y derecho envueltas en la apelación dentro de un plazo no mayor de 30 días desde la radicación de la demanda en apelación."

La cuestión envuelta es si la sentencia dictada por la corte de distrito en un recurso de apelación interpuesto contra la resolución de un alcalde destituyendo un empleado es a su vez apelable.

Sobre la teoría de que éste no era un pleito o procedimiento especial comenzado en la corte de distrito dentro del significado del artículo 295 del Código de Enjuiciamiento Civil, este tribunal desestimó la apelación entablada en el caso No. 5234 y anuló el auto de *certiorari* previamente expedido en el caso No. 697. Posteriormente se ordenó una nueva vista y las mociones de desestimación y de nulidad del auto expedido fueron discutidas y sometidas de nuevo. Ninguna de estas mociones, según fueron presentadas originalmente, salvo en cuanto ambas asumen que el derecho de apelación depende de las disposiciones de la Ley Municipal, se basaba en la teoría adoptada por esta corte al desestimar los recursos y anular el auto. Estamos ahora dispuestos a conceder al apelante en uno de los casos y peticionario en el otro el beneficio de cualquier duda a este respecto. Véanse *Gutiérrez Vélez* v. *Monclova*, 36 D.P.R. 975; *Carrero* v. *Diez & Pérez*, 27 D.P.R. 84; *Gutiérrez Vélez* v. *Monclova*, 39 D.P.R. 911; *Ryan* v. *Tomlinson*, 31 Cal. 11, 16; *Ricks* v. *Reed*, 19 Cal. 551, 573–574; *Marshall County* v. *Rivers*, 40 So. (Miss.) 1007, 1009; *García* v. *Humacao Fruit Co.*, 23 D.P.R. 247.

El Proyecto del Senado No. 10, que al ser aprobado por la Legislatura Insular se convirtió en una "Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico", aprobada el 28 de abril de 1928, fué presentado originalmente en español. La versión inglesa es una traducción. Las palabras en la sección 29, *supra,* "which shall be the only allowed", leen en el texto español "en un solo efecto". El

significado es que la llamada apelación allí concedida no surtirá el efecto de un *supersedeas*. La traducción oficial es incorrecta y debe prevalecer el original en español.

Es cierto que el alcalde al considerar los cargos formulados por él o por cualquiera otro y al destituir funcionarios administrativos de un municipio, actúa en un carácter *quasi* judicial, pero como jefe ejecutivo y administrativo del municipio, es también parte interesada. Si la llamada apelación se considera como un procedimiento especial incoado ante la corte de distrito y no como una apelación corriente contra la decisión de una corte inferior, el alcalde, al ser ordenado por la corte de distrito que reponga en su puesto al funcionario administrativo que ha suspendido de empleo, es parte perjudicada dentro del significado del artículo 294 del Código de Enjuiciamiento Civil. Tal orden es substancialmente y en efecto un auto de *mandamus* y no existe razón para que el alcalde se vea privado de su recurso de apelación en un caso más que en el otro.

*Deben declararse sin lugar tanto la moción sobre desestimación de la apelación entablada en el recurso No. 5234 como la del Dr. Guillermo Ortiz Guzmán, presentada en el recurso de certiorari No. 697, interesando se deje sin efecto el auto expedido.*

El Juez Asociado Señor Texidor no intervino.