Rosario Garzot de Fernández, Matilde Garzot de Fernández, Faustino Fernández Rodríguez y Angel Fernández Ortiz, demandantes y apelados, *v.* Garzot & Fuertes, Rosario Aguayo de la Fuente Vda. de Garzot, United Porto Rican Bank y United Porto Rican Sugar Company of Puerto Rico, demandados y apelados; y The National City Bank of New York, interventor y apelante.

No. 7171.—*Sometido:* Diciembre 10, 1935. *Resuelto:* Enero 13, 1936.

*Fiddler, Córdova & McConnell,* abogados del apelante; *Leopoldo Feliú,* abogado de los demandantes y apelados; *H. G. Molina,* abogado de la codemandada y apelada Sra. Aguayo de la Fuente Vda. de Garzot.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

En este pleito iniciado por Rosario y Matilde Garzot y sus esposos F. y A. Fernández en la Corte de Distrito de Humacao en agosto de 1932, presentó una demanda de intervención el National City Bank of New York, en mayo de 1933. La demanda de intervención fué declarada sin lugar por sentencia de febrero 19, 1934. Apeló el Banco y esta Corte Suprema, en febrero 12, 1935, confirmó la sentencia recurrida. 48 D.P.R. 79. De la sentencia de esta corte apeló

el banco para ante la Corte de Circuito de Apelaciones del Primer Circuito, encontrándose aún pendiente de resolución el recurso.

Cuando el banco presentó en la corte de distrito su demanda de intervención, solicitó el aseguramiento de la sentencia que pudiera recaer. Fué decretado mediante fianza. Prestada ésta, se embargaron ciertos azúcares. Los demandantes pidieron a la corte que anulara la orden de aseguramiento y la corte accedió. Apeló el banco para ante este tribunal y su apelación fué declarada sin lugar. Apeló para ante la Corte de Circuito y su apelación fué desestimada.

Así las cosas, los demandantes el 2 de agosto de 1935 presentaron en la corte de distrito una moción pidiéndole que ordenara al banco interventor que les entregara inmediatamente la suma de quince mil dólares y los azúcares que retenía en su poder.

La moción se basó, en resumen, en que el banco había obtenido el aseguramiento de la sentencia que pudiera dictarse a virtud de su demanda de intervención, mediante el embargo de azúcares de los demandantes que se encontraban en poder de A. E. Lee como Síndico de la United Porto Rican Sugar Company (of Porto Rico) a virtud de un contrato de molienda de las cañas de los demandantes que los produjeron celebrado con el dicho Síndico; en que la orden de embargo fué anulada quedando la anulación firme a virtud de la desestimación del último recurso interpuesto por el Banco para ante la Corte de Circuito; en que en octubre 13, 1934, estando pendiente la apelación de la orden anulatoria, los demandantes y el interventor celebraron un convenio por el cual autorizaron a la Eastern Sugar Corporation, sucesora de Lee, a vender los azúcares embargados y a entregar su precio al interventor "que habría de conservarlo en *trust* y sujeto al resultado del litigio en que se decretó el embargo" que pendía en apelación, debiendo el interventor abonar a las sumas recibidas intereses al dos y medio anual; en que la Eastern Sugar Corporation vendió parte de los azúcares y entregó al interventor su

precio de $15,588.61, conservando aún en su poder 2,874.74 quintales, y en que pretendiendo el interventor tener derecho a virtud de dicho convenio a retener dichos valores hasta que el pleito sea definitivamente resuelto por la Corte de Circuito, se niega a entregarlos a los demandantes sabiendo que no tiene derecho a ello a virtud de la anulación del embargo, motivo por el cual acude a la corte para que dicte la orden indicada.

Se opuso el banco alegando que la moción no aducía hechos que justificaran la entrega de cantidad alguna; que la corte carecía de jurisdicción para conocer del asunto por no surgir éste de las alegaciones del pleito y porque si alguna causa de acción existiera sólo podía ejercitarse mediante juicio ordinario y no por moción; que en diciembre 4, 1934, los demandantes radicaron otra moción en el pleito pidiendo que se ordenara al Banco que les entregara $38,000 de los dineros procedentes de la venta de los azúcares embargados para pagarles los gastos incurridos en producirlos y así lo ordenó la corte en enero 31, 1935, habiendo apelado el banco de esa resolución, apelación que está pendiente; que habiéndosele ya ordenado al banco la entrega de una suma mayor que la por él recibida, no cabe dictar la nueva orden que se solicita; que la corte carece de jurisdicción para conocer del asunto por estar envuelto en la dicha apelación pendiente contra su orden de enero 31, 1935, y que según el contrato celebrado en octubre 13, 1934, las partes convinieron que el banco retendría en su poder el producto de las ventas de los azúcares hasta que recayera sentencia firme en relación con su demanda de intervención.

El 30 de agosto de 1935 la corte de distrito resolvió la cuestión suscitada como sigue:

". . . entendiendo la Corte que es de justicia la solicitud de los demandantes, se declara con lugar su referida moción, y, en su virtud, se ordena al Banco interventor entregue a los referidos demandantes la cantidad de $15,588.61, que tiene en su poder, como producto de los azúcares que fueron embargados en este caso, y a la

Eastern Sugar Corporation que entregue a los demandantes los referidos azúcares embargados, por ella retenidos, hasta la cantidad de 2,874.74 quintales de dicho producto, debiendo el Secretario librar al Márshal el correspondiente mandamiento para que proceda a dar cumplimiento a esta orden, si la misma no fuere cumplida por la entidad bancaria interventora y la Eastern Sugar Corporation.''

No conforme, interpuso el banco el presente recurso de apelación que estamos considerando a los efectos de decidir una moción de los apelados pidiendo su desestimación porque a su juicio-la resolución de agosto 30, 1935, no es apelable, y porque si lo fuera, el recurso interpuesto contra ella sería frívolo.

·Para sostener que la orden de que se trata no es apelable invocan los apelados las decisiones de esta corte en los casos de *Gelabert y Co.* v. *Morales,* 28 D.P.R. 602, *Gandía* v. *P. R. Fertilizer Co.,* 30 D.P.R. 262, 264, *Ayoroa* v. *Sucn. Méndez,* 13 D.P.R. 286, 290, y *Hernáiz, Targa y Co.* v. *Vivas,* 20 D.P.R. 106, 109. Alegan que dicha orden es una para hacer cumplir otra anulando un embargo que era ya firme.

Estaríamos enteramente conformes con la parte apelada si no existiera el elemento extraño hecho constar en la propia moción de dicha parte solicitando la entrega del precio de los azúcares y en el que basó su oposición a la misma el apelante, pero existiendo como existe ese elemento extraño necesariamente considerado y envuelto en la orden apelada, no puede sostenerse a nuestro juicio que se trate de una nueva orden mandando ejecutar otra firme anulatoria de un embargo.

Cuando los azúcares fueron embargados no estaban en poder del banco. A su poder pasaron a virtud del contrato celebrado por las partes en el que expresamente pactaron que el banco retuviera el precio de los azúcares que se vendieran, abonando intereses, hasta que la demanda de intervención del banco quedara definitivamente resuelta, condición no cumplida todavía. Ese contrato, esa nueva relación jurídica que surge entre las partes a virtud de sus propios

actos realizados con posterioridad al embargo, es el elemento extraño a que nos referimos en el párrafo anterior, que convierte la resolución apelada en una providencia especial dictada después de una sentencia definitiva de acuerdo con la jurisprudencia sentada por esta Corte en dos de los casos citados por los propios apelados, a saber:

"Esta Corte Suprema de Puerto Rico en el caso de *Ayoroa* v. *Sucesión Méndez,* 13 D.P.R. 286, 290, invocando lo decidido en el de Avalo Sánchez v. Sucesión Díaz, resolvió que a los efectos del número 3 del artículo 295 del Código de Enjuiciamiento Civil, se entiende por *providencia especial* aquélla que lesiona un derecho al resolver sobre una cuestión no discutida en el pleito, ni resuelta por la sentencia definitiva, o que provee en contra de lo resuelto por la sentencia." *Hernáiz, Targa y Co.* v. *Vivas,* 20 D.P.R. 106, 109.

Siendo ésas las circunstancias del caso, no le es aplicable la regla establecida en el de *Gelabert,* supra, ni surge la situación considerada en el de *Gandía,* supra, invocado por la dicha parte apelada.

Pudiendo calificarse, pues, la resolución de agosto 30, 1935, como una providencia especial dictada después de una sentencia definitiva, condición que puede reconocerse a la resolución anulando el embargo de acuerdo con las siguientes autoridades que cita la parte apelante en su alegato, a saber: *García* v. *The Humacao Fruit Co.,* 23 D.P.R. 247, 2 R.C.L. 29 y 8 Bancroft's "Code Practice and Remedies", 8399, sec. 6338, debemos concluir que siendo apelable dicha resolución, no cabe desestimar el recurso por el primero de los motivos alegados.

Tampoco por el segundo porque estudiada la cuestión envuelta en su fondo a la luz de los amplios alegatos presentados por las partes, no estamos convencidos de que sea el recurso claramente frívolo.

*Por virtud de todo lo expuesto, debe declararse sin lugar la moción de desestimación.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila, no intervinieron.