Miguel A. de León, recurrente y apelado, *v.* Alcalde Municipal de Hatillo, Sr. Francisco Estrades, recurrido y apelante.

Núm. 7628.—*Sometido:* Noviembre 20, 1937. *Resuelto:* Diciembre 23, 1937.

■■■■■■■■■■

*E. Pérez Casalduc*, abogado del apelante; *Dubón & Ochoteco*, abogados del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Arecibo dejando sin efecto la resolución dictada por el Alcalde de Hatillo destituyendo de su cargo al Tesorero-Director Escolar del municipio. Y se pide la desestimación del recurso por no ser apelable la sentencia.

■■■ La ley aplicable lo es la sección 29 de la Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico (Ley núm. 53 de 1928, pág. 335), tal como quedó enmendada en 1931 por la Ley núm. 98 ''Para enmendar los artículos 7, 14, 17, 18, 24, 26, 27, 28, 29, 31, 43, 48, 54 y 66, y enmendar el inciso '*f*' del artículo 46, y adicionar un inciso '*h*' a dicho artículo 46, todos de la 'Ley' estableciendo un sistema de gobierno local para los municipios de Puerto Rico', aprobada en 28 de abril de 1928, y para otros fines,'' que prescribe en lo pertinente lo que sigue:

''Los funcionarios administrativos y empleados municipales sólo podrán ser removidos de sus puestos por el alcalde, y de esta decisión podrán apelar en un solo efecto, el funcionario o empleado perjudicado para ante la corte de distrito correspondiente, la cual deberá considerar y resolver las cuestiones de hecho y derecho envueltas en la apelación dentro de un plazo no mayor de treinta días desde la radicación de la demanda en apelación, y de la sentencia que dictare la corte de distrito resolviendo las cuestiones planteadas, no podrá apelar ninguna de las partes.'' (Leyes de 1931, pág. 595).

Es tan clara la ley que no es a nuestro juicio susceptible de otra interpretación que no sea la que le da la parte ape-

lada, a saber, que no autoriza el recurso que se ha interpuesto para ante esta Corte Suprema.

Así parece reconocerlo el propio recurrente pero sostiene que aquella parte de la ley que prescribe "y de la sentencia que dictare la corte de distrito resolviendo las cuestiones planteadas, no podrá apelar ninguna de las partes," es nula por ser contraria a la siguiente disposición contenida en el artículo 34 de nuestra Carta Orgánica:

"No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título, fuere incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título."

Está tan desprovista de razón la contención del apelante, que no nos detendremos a analizar las decisiones que cita para sostenerla. Con la jurisprudencia establecida en dichas decisiones estamos conformes, pero no con que aplicada a este caso sostenga la contención del apelante.

Conocemos el título de la ley de 1931. Cumple con los requisitos de la Carta Orgánica sobre el particular. La enmienda introducida no lo fué insertando en la ley alguna materia nueva, extraña al estatuto, sino en perfecta armonía con el mismo.

Si se estudia toda la sección 29 se verá que el propósito de la Legislatura fué limitar la investigación a dos instancias ordinarias, la primera ante la asamblea municipal o el alcalde y la segunda ante este Tribunal Supremo cuando de destitución de alcaldes se trate y ante las cortes de distrito cuando está envuelta la remoción de funcionarios administrativos y empleados municipales por el alcalde.

El caso de *Venegas* v. *Corte*, 41 D.P.R. 465, no es aplicable porque interpreta el estatuto como regía antes de la enmienda de 1931.

*Debe declararse la moción con lugar y en su consecuencia desestimarse el recurso por falta de jurisdicción.*

El Juez Asociado Señor Córdova Dávila no intervino.