JOSÉ DEL CARMEN SANTIAGO, demandante y apelado *v.* ANTONIO BERLINGERI, demandado y apelante.

No. 4230.—*Visto:* Marzo 27, 1928. *Resuelto:* Julio 18, 1928.

*Tous Soto & Zapater* y *Sergio León Lugo,* abogados del apelante; *Eduardo Flores Colón* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

José del Carmen Santiago demandó a Antonio Berlingeri en reclamación de ochocientos dólares, valor de las cañas

que tenía sembradas en una finca que le arrendó y de la cual fué por él desahuciado, según tasación de peritos designados por las partes y nombrados por el márshal.

Contestó el demandado aceptando haber desahuciado al demandante pero aclarando que sólo fué puesto en posesión de una parte de la finca arrendada, habiendo iniciado una acción reivindicatoria reclamando el resto de la finca; aceptando que las cañas fueron tasadas por peritos, pero negando que él interviniera en su designación y alegando que el valor aproximado de las cañas existentes en la parte de la finca que le fué entregada, era el de cuatrocientos veintiocho dólares.

Como materia nueva de defensa alegó además que arrendó a la Sociedad Juana Ramona Ortiz e Hijos una finca de veinte cuerdas, contrato que dicha sociedad traspasó al demandante Santiago y en el que existe una cláusula que dice: "Las mejoras que se introduzcan en la finca arrendada, quedarán a beneficio del arrendador a la terminación del contrato."

Fué el pleito a juicio. La prueba es contradictoria en cuanto a si se entregó o no la totalidad de la finca arrendada. Del acta levantada por el márshal aparece que se entregó toda. Sin embargo, al pie de ella el demandante en el pleito de desahucio demandado aquí, hizo constar que las colindancias por el lado norte y este de la finca al serle ésta entregada no estaban en el mismo sitio que cuando se arrendó, calculando que le faltaban varias cuerdas de terreno. Y en el juicio aportó prueba sobre el particular.

También es contradictoria la prueba en cuanto a que Berlingeri se aviniera a designar y designara un perito que junto con el designado por Santiago se nombrara por el márshal y tasara las cañas en ochocientos dólares. Al pie del acta hizo constar Berlingeri que no estaba conforme con la tasación por ser excesiva, declarando además en el juicio que no había designado perito alguno y presentando dos peritos que tasaron las cañas en cuatrocientos dólares. Por el contrario,

del acta levantada por el márshal aparece que Berlingeri designó al perito Segundo Mercado quien con el otro perito designado por Santiago llegó a la conclusión de que en las veinte cuerdas había doscientas toneladas de caña que a cuatro dólares la tonelada daban un total de ochocientos dólares, y llamado dicho márshal a declarar sostuvo lo consignado en el acta.

La corte de distrito tomó el caso bajo su consideración y lo resolvió por sentencia en contra del demandado. No conforme éste apeló, señalando en su alegato siete errores. El demandante no formuló alegato, ni compareció al acto de la vista.

El primer error se refiere a cierta excepción levantada al comenzar el juicio alegando que la demanda no aducía hechos suficientes, declarada sin lugar por la corte de distrito. La demanda contiene todo lo necesario. El demandado la contestó sin dificultad. El debate quedó debidamente planteado. La acción que se ejercita es sencillamente una en cobro de dinero proviniente de siembras que se alega que pertenecían al demandante y que fueron tasadas en determinada cantidad al tiempo de entregar la finca al demandado.

Por el segundo señalamiento se sostiene que la corte erró al no reconocer que la cláusula quinta de la escritura de arrendamiento que se transcribió en la materia nueva de la contestación, impide toda reclamación al demandante.

La cláusula es clara. Se pactó que las mejoras que se introdujeran en la finca arrendada quedarían a beneficio del arrendador a la terminación del contrato, esto es, a beneficio del demandado en este pleito.

La cuestión es si las plantaciones de cañas tienen o no el carácter de mejoras del predio arrendado. Si no lo tienen, entonces es evidente, de acuerdo con la ley y la jurisprudencia, que son frutos de siembras del arrendatario que éste tiene derecho a recoger, o a que se le pague su importe, al terminarse el arriendo. Artículos 1480 y 1481 del Código

580

Civil; sección 18 de la Ley de Desahucio, Comp. 1911, p. 339; *Nevares Hermanos* v. *Corte de Distrito,* 36 D.P.R. 357, 363.

Para sostener que las plantaciones de cañas son mejoras, cita el apelante a Escriche.

Copiaremos en extenso lo que dice el autor citado. Es así:

"MEJORA. *Lo que se ha obrado en algún edificio o heredad para ponerlos en mejor estado.*

"I. *Hay tres especies de mejoras, a saber: necesarias, útiles y voluntarias.* Mejoras *necesarias* son las que se hacen en la cosa para impedir su pérdida o deterioro, como los reparos que se hacen en un edificio que amenaza ruina, y la calzada que se levanta en una heredad para preservarla de la rapidez de un torrente. *Mejoras útiles son las que, aunque no sirven para conservar la cosa, aumentan sin embargo su valor y renta, como el plantío de árboles o viña,* la construcción de horno, lagar, hórreo, cochera, caballerizas. Mejoras *voluntarias,* que con más razón podrían llamarse *voluptuarias,* son las que, ni contribuyen a la conservación de la cosa, ni aumentan su valor y renta, sino que sólo sirven para adorno, lucimiento y recreo, como las pinturas, las eras de flores y otras decoraciones semejantes.

"II. El poseedor de buena o de mala fe que hubiere hecho mejoras *necesarias* en casa o heredad ajena, tiene derecho a cobrarlas; y aunque le venza en juicio el dueño de la casa o heredad, no estará obligado a entregársela hasta que se le haga el pago de las tales mejoras, debiendo tomar en descuento los frutos o rentas que percibiere. El poseedor de buena fe puede cobrar las mejoras útiles del mismo modo que las necesarias; pero el de mala fe, si el dueño no quiere satisfacerlas, puede llevarse la labor que hizo. El de buena fe puede tomar y llevarse lo obrado por razón de mejoras *voluntarias,* si no es que el dueño quiera darle su valor; pero el de mala fe pierde cuanto hizo y obró, sin poder llevarse cosa alguna: leyes 41, 42, 43 y 44, tít. 28, Part. 3ª, y ley 24, tít. 8º, Part. 5ª. Véase *Accesión industrial y Arrendatario,* pár. IV." 4 Escriche, Diccionario razonado de Legislación y Jurisprudencia, 93.

Lo subrayado es lo único que cita el apelante. El autor sigue tratando extensamente la cuestión de mejoras en relación con la herencia. La referencia al *arrendatario* es exten-

sísima. Parece conveniente transcribir de ella los tres párrafos que siguen:

"Igualmente, si en la heredad que tenías arrendada hiciste plantación de árboles o de viña, de suerte que vale más en renta que cuando la tomaste, tienes derecho al reembolso de los gastos que la plantación te hubiese ocasionado.

"Si el dueño no quisiere satisfacerte el importe de las mejoras y tú le hubieses pagado ya el precio del arriendo, de suerte que ya no hay tiempo para deducirlas de él, podrás retener la cosa arrendada y continuar en su uso hasta que te reintegres, como sostienen algunos autores fundados en el espíritu de dicha ley 24, tít. 8, Part. 5, y en la ley 44, tít. 28, Part. 3, que lo dispone así con respecto al que mejora una cosa ajena que cree suya.

"Mas para que el arrendatario tenga derecho al abono de las mejoras, ¿deberá pedir previamente al dueño su consentimiento para hacerlas? Gregorio López quiere en la glosa 1ª de la ley 24, tít. 8, Part. 5, que las mejoras necesarias, esto es, las que fueron indispensables para la conservación o el uso de la cosa arrendada, puedan repetirse indistintamente por el arrendatario; y las útiles, esto es, las que aumentan la renta de la finca, sólo cuando se hubiesen hecho con el consentimiento tácito o expreso del arrendador o no le fuesen gravosas." 1 Escriche, Diccionario razonado de Legislación y Jurisprudencia, 735.

Dentro del concepto general de la palabra mejora cualquier siembra que aumente el valor de la finca, podría considerarse que lo es. Pero dentro de su concepto jurídico, no. El plantío de árboles y de viñas lleva envuelta una idea de permanencia, de larga duración, que no existe en las siembras que se cosechan por meses, o por años. En terrenos de extraordinaria fertilidad una plantación de cañas puede durar muchos años, pero no es ése el caso general. Sería distinto si se tratara de obras permanentes hechas con motivo de las siembras de cañas, pero aquí sólo se trata de los frutos de la plantación.

La cláusula quinta del contrato de arrendamiento de que se trata, no tiene, pues, influencia decisiva alguna.

■ El tercer señalamiento de error no se argumenta en el alegato. Por el cuarto se sostiene que la corte erró al no

estimar que el demandante y apelado a lo sumo solamente tenía derecho a percibir el importe de los gastos en que incurrió para el cultivo, siembra y simientes de los frutos pendientes al tiempo de finalizar el arrendamiento, citando el artículo 1476 del Código Civil que dice: "El arrendatario tendrá respecto de las mejoras útiles y voluntarias, el mismo derecho que se concede al usufructuario."

El argumento del apelante tiene una aparente fuerza porque conecta el citado artículo 1476 con el 472 del propio Código Civil que se refiere a frutos; pero no es con el 472 sino con el 487 y el 488, que se refieren directamente a mejoras en relación con el usufructo, que debe conectarse. Y esta separación entre los frutos y las mejoras en el capítulo del Código que trata del usufructo, constituye una razón más que sostiene la conclusión a que llegáramos al discutir el segundo señalamiento de error.

En lo que sí creemos que asiste la razón al apelante es en los restantes errores, esto es, en los que se refieren a la cuantía de la indemnización y a la imposición de las costas.

Aún reconociendo el mayor valor posible al acta de posesión levantada por el márshal en cuanto a la tasación de los peritos designados por las partes, según en ella se consigna, no puede irse tan lejos como concluir que el demandado está impedido de impugnarla.

En primer lugar el márshal no siguió el procedimiento que marca la ley de desahucio. Si existía común acuerdo, debió haberse nombrado por los interesados un sólo perito, no dos, y si hubo discordia, debieron nombrarse tres peritos, uno por cada parte y el tercero por el márshal. El justiprecio deberá ser firmado por los peritos, los interesados y el márshal. Aceptando que el acta sobre cumplimiento de 'lanzamiento aportada como prueba pueda considerarse también como el justiprecio a que la ley se refiere, encontramos que no está firmada por los interesados. Y es lo cierto que cuando al día siguiente el demandado Berlingeri se enteró de

su contenido, consignó al pie de la misma la nota que conocemos.

En segundo lugar los peritos nombrados por el márshal tomaron como base veinte cuerdas y la prueba de que no se entregaron veinte cuerdas es de tal manera persuasiva que si se sostuviera que el conflicto fué resuelto deliberadamente por la corte en contra del demandado, aún así deberíamos concluir y concluiríamos que la corte había cometido un error manifiesto. Decimos esto, porque estamos convencidos examinando cuidadosamente la relación del caso y opinión emitida por el juez de distrito, que dicho funcionario no consideró debidamente este punto. Se observa que toda su atención estuvo fija en la interesante cuestión de derecho que surge con motivo del alcance que debe darse a la cláusula quinta del contrato de arrendamiento y aún así interpretó dicha cláusula como si dijera ''arrendatario'' donde dice ''arrendador''.

En cuanto a las costas, no revelando los autos temeridad por parte del demandado al defenderse, no debieron imponérsele.

Por virtud de todo lo expuesto, *debe modificarse la sentencia recurrida* condenando al demandado a pagar solamente cuatrocientos veintiocho pesos, *debiendo cada parte pagar sus propias costas,* y así modificada, *confirmarse.*