Rosario Garzot de Fernández y Matilde Garzot de Fernández, Faustino Fernández Rodríguez y Angel Fernández Ortiz, demandantes y apelados, *v.* Garzot & Fuertes Inc., Rosario Aguayo de la Fuente Vda. de Garzot; United

Porto Rican Bank y United Porto Rican Sugar Co. (of Porto Rico), demandados y apelados; y The National City Bank of New York, interventora y apelante.

No. 6650.—*Sometido:* Noviembre 28, 1934. *Resuelto:* Febrero 12, 1935.

*E. T. Fiddler* y *Jorge L. Córdova,* abogados de la apelante; *Leopoldo Feliú,* abogado de los demandantes apelados; *Arturo Aponte, Henry G. Molina, F. González, Jr.,* y *Walter L. Newsom, Jr.,* abogados, respectivamente, de los demandados y apelados.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

En agosto de 1932 Rosario y Matilde Garzot y sus esposos Faustino y Angel Fernández demandaron en la Corte de Distrito de Humacao a Garzot & Fuertes y a otras personas, solicitando la rescisión de cierto contrato de arrendamiento de fincas rústicas y la cancelación de un gravamen refaccionario constituído por Garzot & Fuertes, entre otras, sobre las fincas que tenía arrendadas a los demandantes.

Garzot & Fuertes no comparecieron, dictándose en enero 14 de 1933 sentencia en rebeldía en contra suya que contiene los siguientes pronunciamientos:

" . . . Dicta sentencia, falla y decreta y ordena que el contrato de arrendamiento celebrado por las demandantes Rosario y Matilde Garzot y sus esposos Faustino Fernández Rodríguez y Angel Fernández Ortiz respectivamente, con la demandada Garzot & Fuertes, en

6 de mayo de 1928, hecho constar en la escritura número 23 de esa fecha, ante el Notario de Humacao, don Pedro Pérez Pimentel, sea y por la presente queda rescindido y terminado y relevadas las mencionadas partes para siempre de las obligaciones que respectiva y recíprocamente en tal contrato se impusieron; ordenándose y mandándose además, y en su consecuencia, por esta sentencia el que dicha demandada entregue inmediatamente a los dichos demandantes las fincas que fueron objeto de dicho contrato y que son las siguientes: (Se describen debidamente cinco fincas.)

"Y SE FALLA, DECRETA Y ORDENA además por esta sentencia e igualmente que las cañas de azúcar existentes en la finca nombrada 'Fortuna' que se deja antes descrita con la letra 'B' son de la propiedad exclusiva de las demandantes Rosario y Matilde Garzot y sus dichos esposos Faustino Fernández Rodríguez y Angel Fernández Ortiz, en cuanto a una mitad y a Rosario Aguayo de la Fuente Vda. de Garzot, en cuanto a la otra mitad de dichas cañas siendo esta última cousufructuaria con las señoras demandantes antes nombradas de las ameritadas fincas.

"Y SE DECRETA Y ORDENA igualmente que por el señor Registrador de la Propiedad del Distrito Hipotecario de Humacao, P. R. se cancele inmediatamente cualquier inscripción que de dicho contrato de arrendamiento aparezca hecha en los libros de su oficina; y que, firme que sea esta sentencia, se libre por el Secretario mandamiento al Márshal de este Distrito Judicial para que haga que se cumpla con la misma, mediante entrega de la posesión material de dichas fincas, con cuanto forma parte de ellas a los demandantes y a dicho Registrador de la Propiedad para la cancelación que en la presente se dispone y se imponen las costas, hasta ahora incurridas, en cuanto a una tercera parte de éstas, a dicha demandada.

"Esta sentencia se dicta sin incluir en la misma derecho alguno de los demás que se discuten en este litigio, en cuanto a los cuales se hace expresa reserva para ser resueltos oportunamente."

Meses después de dictada esa sentencia, el 18 de mayo de 1933, The National City Bank of New York pidió y obtuvo que se le permitiera intervenir en el pleito.

Su demanda de intervención radicada, dice:

"1.—Que The National City Bank of New York es una asociación bancaria organizada de acuerdo con las leyes de los Estados Unidos de América con oficina principal en la ciudad de Nueva York y debidamente autorizada para hacer negocios en esta Isla; que la

demandada Garzot & Fuertes Inc. es una corporación organizada de acuerdo con las leyes de Puerto Rico con oficina principal en Naguabo, P. R. que se dedica a la agricultura y especialmente a la producción, transportación y elaboración de cañas de azúcar; que la demandada Rosario Aguayo viuda de Garzot es mayor de edad, viuda y vecina de Naguabo; que la demandada The United Porto Rican Bank es una corporación bancaria organizada de acuerdo con las leyes de Puerto Rico y con oficina principal en Caguas, P. R.; que la demandada The United Porto Rican Bank—léase United Porto Rican Sugar Company (of Porto Rico) es una corporación organizada de acuerdo con las leyes de Puerto Rico y con oficina principal en la ciudad de Caguas, Puerto Rico; que la demandante Rosario Garzot de Fernández es mayor de edad y casada con el demandante Faustino Fernández quien también es vecino de Naguabo, y mayor de edad y la demandante Matilde Garzot de Fernández es también mayor de edad, casada con Don Angel Fernández Ortiz, también mayor de edad y ambos vecinos de Naguabo.

"2.—Que con fecha 15 de mayo de 1928 la demandada Garzot & Fuertes Inc. tomó un préstamo refaccionario de la demandada United Porto Rican Bank por la cantidad de trescientos cincuenta mil dólares ($350,000) para atender a los gastos de cultivo en los terrenos a que se hace referencia en el hecho tercero de esta demanda, entre otros, así como los gastos de administración, conservación y reparación de los edificios y maquinarias de dicha corporación en dichos terrenos enclavados, y al mismo tiempo como evidencia de dicho préstamo firmó y entregó al United Porto Rican Bank diez pagarés por la suma principal de treinta y cinco mil dollars ($35,000) cada uno, numerados del uno al diez inclusives, de los cuales pagarés los numerados desde el uno al cuatro ambos inclusives, han sido pagados, quedando sin pagar los numerados desde el cinco al diez ambos inclusives. Que el United Porto Rican Bank endosó y entregó dichos pagarés numerados del cinco al diez ambos inclusives a la aquí interventora The National City Bank of New Pork, quien es la actual tenedora de los mismos.

"Copias exactas de la faz de dichos pagarés se acompaña y se hacen formar parte de esta demanda.

"Aparece al dorso de cada uno de dichos pagarés el siguiente endoso:

" 'UNITED PORTO RICAN BANK (signed) George W. Muller, Treasurer. (Signed) M. S. Kayner, Manager.'

"3.—Que para garantizar el pago de dichos pagarés, sus intereses hasta la suma de diez mil dólares y costas hasta la suma de

cinco mil dollars en caso de reclamación judicial, la corporación Garzot & Fuertes, Inc. mediante escritura pública número 24 otorgada en 15 de mayo de mil novecientos veinte y ocho ante el Notario Público Don Pedro Pérez Pimentel, afectó y gravó con el gravamen refaccionario, todas las plantaciones de cañas sembradas en las fincas que a continuación se describen, entre otras, extendiéndose dicho gravamen refaccionario, durante los años comprendidos en dicho contrato, o sea, desde mayo 15 de 1928 hasta mayo 15 de mil novecientos treinta y ocho y siempre hasta que fuera totalmente satisfecho el importe total de dicho préstamo con sus intereses, costas, gastos y honorarios correspondientes, quedando también gravados todos los azúcares que produzcan dichas cañas.

"La descripción de las fincas es como sigue: (se describen debidamente cinco fincas rústicas).

"4.—Que dicho gravamen refaccionario se inscribió y está vigente su inscripción en el Registro de Contratos Agrícolas del Distrito de Humacao, Puerto Rico, en cuanto a las fincas anteriormente descritas en el párrafo tercero de esta demanda, entre otras.

"5.—Que la cláusula tercera del referido contrato o mejor dicho escritura número 24 de mayo 15 de 1928 ante el Notario Público Don Pedro Pérez Pimentel, lee en parte como sigue:

" 'TERCERA. Si "Garzot & Fuertes" faltare en el cumplimiento de cualquiera de las obligaciones que se dirán, el Banco o cualquier tenedor de dichos pagarés podrá considerarlos todos vencidos, con derecho a proceder judicialmente a su cobro y ejecutar las garantías constituídas por este instrumento.

" '1. Si dejare de pagar cualquier pagaré dentro de los diez días de su vencimiento.

" '2. Si estuvieren adeudando dos trimestres de intereses sobre cualquier pagaré, y no fueran satisfechos sobre cualquier pagaré, y no fueren satisfechos dichos intereses dentro de los diez días después de vencido el segundo de los dos trimestres.'

"6.—Garzot & Fuertes se encuentran adeudando dos trimestres de intereses sobre los referidos pagarés y que han pasado más de diez días desde el vencimiento del último de los dos trimestres adeudados sin que hayan sido satisfechos dichos intereses por Garzot & Fuertes Inc., ni por ninguna otra persona.

"7.—Que en la actualidad Garzot & Fuertes Inc. se halla adeudando a The National City Bank of New York por concepto de dichos pagarés la cantidad de doscientos diez mil dollars de principal, y los intereses sobre dicha suma a razón del ocho por ciento anual, los cuales ascienden a diez y ocho mil setecientos noventa y cuatro

dólares con setenta y cinco centavos ($18,794.75) cuyas sumas están vencidas y exigibles y a pesar de lo cual y de los requerimientos hechos por la interventora The National City Bank of New York, ni Garzot & Fuertes Inc. ni persona alguna ha pagado en todo ni en parte dichas cantidades.

"8.—Que en las fincas a que se hace referencia en el párrafo tercero de esta demanda hay sembradas cuatrocientas setenta y tres cuerdas de retoños de cañas y tocones, aproximadamente, que según información y creencia están siendo molidos en la zafra azucarera que cursa y seguirán siendo molidos en las zafras siguientes.

"9.—Que según información y creencia, The United Porto Rican Bank, subsiguientemente al otorgamiento de la escritura pública No. 24 de 15 de mayo de 1928, antes mencionada, otorgada ante el Notario Don Pedro Pérez Pimentel o sea por escritura No. 33 otorgada con fecha 29 de julio de 1931 ante el Notario Walter L. Newsom Jr., otorgó un contrato de refacción agrícola con la demandada Garzot & Fuertes sujeto al gravamen refaccionario adquirido por la escritura No. 24 a que se ha hecho referencia en este párrafo, para garantizar un préstamo refaccionario hasta la suma de seiscientos sesenta y ocho mil novecientos setenta y dos dollars con cinco centavos ($668,972.05) para los fines del cultivo y mantenimiento de las fincas a que se hace referencia en el hecho tercero de esta demanda, entre otras, cuya suma, según información y creencia habría de ser representada por pagarés emitidos por la demandada Garzot & Fuertes, Inc.

"10.—Que en el caso de epígrafe las demandantes Rosario Garzot de Fernández y Matilde Garzot de Fernández alegan ser dueñas de las fincas descritas en el párrafo tercero de esta demanda y han solicitado en su demanda de esta Hon. Corte la rescisión del contrato de arrendamiento celebrado con Garzot & Fuertes Inc., alegando y solicitando además que la Corte declare que dichas demandantes tienen un crédito preferente a todos los demás créditos que sobre las cañas sembradas en dichas fincas descritas en el párrafo tercero de esta demanda pudiera tener persona alguna y solicitando además que se les declare dueñas de las cañas antes mencionadas, entre otras súplicas pertinentes.

"11.—Que con fecha 27 de agosto de 1932 esta Hon. Corte expidió en este caso una orden nombrando a Don Juan Avalo García, Síndico de las propiedades que se describen en el hecho tercero de esta demanda, las cuales propiedades están incluídas entre aquéllas cuyas cañas están sujetas al gravamen refaccionario constituído para garantizar la deuda de doscientos diez mil dollars más sus intereses y cinco mil dollars para gastos, costas y honorarios de abogados, que

tiene contraída con la aquí interventora The National City Bank of New York la corporación demandada Garzot & Fuertes Inc.

"12.—Que a virtud del nombramiento de dicho Síndico la interventora carece de un recurso ·adecuado para proteger los derechos que le asisten como acreedora refaccionaria a no ·ser mediante intervención en el presente caso.

"Por lo que, la interventora a esta Hon. Corte RESPETUOSAMENTE SUPLICA:

"1.—Que se declare que la INTERVENTORA tiene un gravamen preferente sobre las plantaciones de cañas a que se ha hecho referencia en el hecho octavo de esta demanda, sobre todos los azúcares y melados que produzcan dichas plantaciones de cañas durante la zafra de mil novecientos treinta y tres y zafras subsiguientes hasta el pago total a esta interventora de la deuda refaccionaria que se especifica en esta demanda y de la suma adicional de cinco mil dollars provistos para el pago de costas, gastos y honorarios de abogado.

"2.—Que todos los azúcares y melados producidos y/o que se produzcan en la zafra de 1933, de las plantaciones a que se hace referencia en el hecho octavo de esta demanda y el producto bruto de su venta sean entregados y/o pagados a The National City Bank of New York para ser aplicados a la deuda refaccionaria que se relaciona en esta demanda sin deducción alguna por concepto de gastos incurridos o que se incurran por el SÍNDICO o cualquier otra persona, aún cuando éstos fueren necesarios para la cosecha, transportación o molienda de las cañas de azúcar o para la venta y/o embarque de ·dichos azúcares y melados, y en cuanto a los azúcares y melados que se produzcan de dichas cañas, en cuanto a los azúcares y melados que resultaren o extrajeren de las cañas que se produzcan en dichas plantaciones en la zafra de 1934 y subsiguientes y del producto bruto de la venta de los mismos, que se entreguen y paguen los mismos a The National City Bank of New York para ser aplicados a la referida deuda refaccionaria sin deducción alguna por gastos incurridos o que se incurran por el Síndico o por cualquier otra persona en relación con la siembra, cultivo, cosecha, transportación y/o molienda de las cañas y de la venta y embarque de dichos azúcares y melados, aún cuando dichos gastos o cualesquiera de ellos fuere necesario para dichos fines."

Los demandantes excepcionaron la demanda de intervención por falta de hechos suficientes para determinar una causa de acción y por ambigüedad, y la corte declaró con lugar las excepciones concediendo permiso al interventor para enmen-

dar su demanda. Rehusado el permiso, se dictó la sentencia sobre las alegaciones que es objeto de la presente apelación.

Como puede verse, guarda este caso estrecha relación con el de *Ana María Sugar Company* v. *Santos, y South Porto Rico Sugar Company (of Porto Rico), interventora,* 48 D.P. R. 65 que acabamos de resolver. Es mucho más complicado porque aquí no se trata del primitivo acreedor refaccionario, estando envuelta una seria cuestión sobre la validez del traspaso, y porque el contrato de refacción se celebró con una corporación que tenía arrendadas varias fincas, entre ellas las de los demandantes, no sólo para atender al cultivo de las mismas si que para satisfacer los gastos de administración, conservación y reparación de edificios y maquinarias de la corporación arrendataria enclavados en las fincas, pretendiendo el interventor cobrar todo lo que alega que se le debe como consecuencia del contrato de refacción con los frutos producidos y que produzcan las fincas de las demandantes durante todo el término del contrato de refacción que se extiende hasta mayo 15, 1938, no obstante constarle que el contrato de arrendamiento fué rescindido por falta de cumplimiento de sus obligaciones por parte del arrendatario, y no haber él asumido personalmente el cumplimiento de dichas obligaciones.

La jurisprudencia que se establece en el indicado caso de Ana María Sugar Company, supra, puede resumirse así:

Cuando el contrato de refacción se celebra con el arrendatario de una finca y dicho arrendatario no cumple con las condiciones pactadas para el arrendamiento, si el acreedor refaccionario desea hacer valer todos los derechos que le reconoce la ley especial sobre la materia, debe asumir las obligaciones del arrendatario para con su arrendador y cumplirlas debidamente de acuerdo con lo prescrito en la sección tercera de dicha ley.

Si no lo hiciere, sus derechos sobre los frutos existentes en las fincas arrendadas quedarán limitados a los que sobre ellos pueda tener su deudor, el arrendatario, regulándose de

acuerdo con los preceptos generales del Código Civil sobre preferencia y prelación de créditos, siguiéndose la pauta trazada en la sección cuarta de la ley especial sobre la materia.

Aplicada esa jurisprudencia a este caso, produce necesariamente la confirmación de la sentencia recurrida sin necesidad de entrar a considerar y a resolver todas las otras cuestiones envueltas porque aquí el interventor no alega en su demanda que cumpliera por el arrendatario ni expone en ella hechos suficientes para establecer la prelación de su crédito sobre los frutos existentes en las fincas de los demandantes al tiempo de la rescisión del contrato de arrendamiento, ya que no determina la parte de su crédito que realmente se empleó en el cultivo de los frutos, si es que alguna fué empleada.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.