ALBERT E. LEE, *Receiver* de la UNITED PORTO RICAN SUGAR Co. OF PORTO RICO, ETC., demandante y apelante, *v.* THE NATIONAL CITY BANK OF NEW YORK; ROSARIO y MATILDE GARZOT DE FERNÁNDEZ y ANGEL y FAUSTINO FERNÁNDEZ, demandado y apelante el primero; y demandados y apelados los segundos.

No. 6728.—*Sometido:* Enero 16, 1936. *Resuelto:* Marzo 13, 1936.

*Walter L. Newsom,* abogado del demandante y apelante; *Fiddler, Córdova & McConnell,* abogados del demandado y apelante; *Leopoldo Feliú,* abogado de los demandados y apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

 Albert E. Lee como Síndico de la United Porto Rican Sugar Co. nombrado por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, presentó en la Corte de Distrito de Humacao una demanda de *interpleader* contra The National City Bank of New York y Rosario y Matilde Garzot y sus esposos Angel y Faustino Fernández.

Alegó en ella que como tal Síndico celebró con los demandados Garzot y Fernández en febrero 24, 1934, cierto contrato de molienda de cañas y que estando en vigor ese contrato recibió una carta del National City Bank of New York comunicándole que tenía constituído a su favor un gravamen sobre las cañas de Garzot y Fernández y de acuerdo con el mismo lo requería para que le entregara su producto, recibiendo también otra carta del abogado de las Garzot y los Fernán-

dez oponiéndose a esa entrega; que bajo tales circunstancias pidió instrucciones a la Corte Federal que lo nombrara y dicha corte después de haber oído a las partes interesadas le "instruyó, autorizó y ordenó" la presentación de la demanda; que no tiene interés en la controversia y lo que desea es relevarse de responsabilidad. Terminó suplicando que la corte obligara a los demandados a litigar entre sí, que le autorizara a comprar los azúcares producto de la molienda y a depositar su importe en la secretaría de la corte, impidiendo a los demandados entablar reclamación alguna en su contra e imponiéndoles las costas.

Los demandados Rosario y Matilde Garzot y Angel y Faustino Fernández pidieron a la corte que negara la tramitación de la demanda con imposición de las costas al demandante entre otros motivos porque de la propia demanda aparecía que existía ya una acción pendiente entre los demandados sobre el mismo asunto, como así era en verdad. La corte oyó a las partes y resolvió el caso en contra del demandante, imponiéndole las costas.

Apeló el Síndico y los apelados Garzot y Fernández pidieron la desestimación del recurso, recayendo la siguiente resolución:

"Vista la moción sobre desestimación que antecede, apareciendo que el Síndico demandante y ahora apelante, al radicar su demanda de *interpleader* actuó de acuerdo con instrucciones recibidas del Juez de la Corte Federal, instrucciones dadas por dicho juez después de oídas todas las partes interesadas, y por tanto que la presente apelación, por lo menos en cuanto atañe al pronunciamiento de la sentencia apelada que condenó a dicho demandante en costas, no es tan claramente frívola que debamos anticipar el resultado de una vista del caso en su fondo, no ha lugar a la desestimación solicitada."

Continuó el recurso tramitándose hasta verse en sus méritos en enero 16 último.

No seguiremos a las partes en sus amplios alegatos. Bastará decir que del cuidadoso estudio que del caso hemos hecho, llegamos a la conclusión de que es improcedente por

innecesaria la demanda. ¿A qué un nuevo pleito si las partes demandadas habían ya suscitado la misma cuestión ante la misma corte de distrito? Véanse los casos de *Garzot* v. *Garzot, etc., y National City Bank, Int.*, 48 D.P.R. 79; *Garzot* v. *Garzot, etc., y National City Bank, Int.*, 49 D.P.R. 350, y *National City Bank* v. *Arjona, Juez,* 49 D.P.R. 355.

Ahora bien, atendida la razón expuesta en nuestra resolución declarando no haber lugar a la desestimación del recurso, creemos que debe revocarse el pronunciamiento sobre costas que contiene la sentencia recurrida. No fué temerario el demandante. Creyó que se protegía mejor, que actuaba más correctamente pidiendo a la corte correspondiente que dirimiera de modo directo el conflicto existente entre ambos reclamantes, presentó su caso a la corte que lo nombró y autorizado por ella fué que actuó. *En tal virtud la sentencia recurrida deberá modificarse eliminando su pronunciamiento de costas y así modificada, confirmarse.*

El Juez Asociado Señor Córdova Dávila no intervino.